UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ISAAC PORTERFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 21-2529-SHM-tmp |
| | ) |
| SHELBY COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER CONSOLIDATING CASE NOS. 21-2528-SHM-tmp & 21-2529-SHM-tmp;
DISMISSING NO. 21-2529'S COMPLAINT (ECF NO. 1) WITHOUT PREJUDICE;
GRANTING LEAVE TO AMEND;
AND DENYING NO. 21-2529's PENDING MOTIONS (ECF NOS. 11 & 12)**

On August 16, 2021, Plaintiff Isaac Porterfield, who is incarcerated at the Shelby County Criminal Justice Center (the "SCCJC") in Memphis, Tennessee, filed a *pro se* complaint under 42 U.S.C. § 1983.  (ECF No. 1.)  On October 1, 2021, the Court granted leave to proceed *in forma pauperis*.  (ECF No. 9.)  On February 15, 2022, Porterfield filed a motion for a protective order.  (ECF No. 11 (the "First Motion").)  On February 23, 2022, Porterfield filed another motion for a protective order.  (ECF No. 12 (the "Second Motion").)  On the same dates, Porterfield filed a complaint, a motion to proceed *in forma pauperis*, and two motions for protective order in Case No. 21-2528.  (*See Porterfield v. Shelby Cnty. Criminal Justice Ctr.*, No. 21-2528 ("No. 21-2528"), ECF Nos. 1, 8, 10 & 11.)  On June 30, 2022, the Court dismissed the complaint in No. 21-2528 for failure to state a claim to relief, granted leave to amend, and denied the motions for protective order.  (*See* ECF No. 12.)

The complaint, the First Motion, and the Second Motion in Case No. 21-2529 are before the Court.

I.  **BACKGROUND**

A.  *Claims*:  The complaint in No. 21-2529 alleges the same patterns of "assault and harassment," food and water tampering, wrongful video and audio recording, and mail tampering that Porterfield alleged in No. 21-2528.  (No. 21-2529, ECF No. 1 at PageID 2-3 (alleging fear of "be[ing] murdered d[ue] to food and water tampering"); No. 21-2528, ECF No. 1 at PageID 2-4 (alleging fear of being "murdered by the employees of the SCCJC and med[ical] dep[artment]").)

B.  *Defendants*:  In No. 21-2529, Porterfield sues (1) seven of the Defendants who were named in No. 21-2528[1]; and (2) (a) All Jail Commanding Staff; (b) Lt. Ms. A. Reed; (c) Lt. Ms. A. Styles; (d) Captain Ms. Talley; and (e) Ms. Luellen.  (ECF No. 21-2529 at PageID 1-2.)

C.  *Relevant Dates*:  The complaint in No. 21-2528 alleged no dates for the underlying events from which Porterfield's claims arise.  (No. 21-2528, ECF No. 1.)  Porterfield alleges in No. 21-2529 that the relevant events occurred in February 2021 through May 2021.  (No. 21-2529, ECF No. 1 at PageID 1-3.)

Like Porterfield's complaint in No. 21-2528, the complaint in No. 21-2529 seeks: (1) compensatory damages (No. 21-2528, ECF No. 1 at PageID 5 (seeking over twenty-three million dollars ($23,000,000) in damages); No. 21-2529, ECF No. 1 at PageID 4 (seeking eight hundred fifty thousand dollars ($850,000) in damages); (2) criminal proceedings against the Defendants (No. 21-2528, ECF No. 1 at PageID 5 (seeking assessment of "criminal charges" against "all staff

---

[1] The complaints in both No. 21-2528 and No. 21-2529 name seven Defendants: (a) the SCCJS; (b) Shelby County Sheriff Floyd Bonner; (c) Officer Ms. Summerville; (d) Sergeant Matthews; (e) Officer Ms. Martin; (f) Captain Mays; and (g) Officer M. Green.  (No. 21-2528, ECF No. 1 at PageID 1-2 & 5; No. 21-2529, ECF No. 1 at PageID 1-2.)

who tampered with my food"); No. 21-2529, ECF No. 1 at PageID 4 (seeking permanent restraining orders [against] all named Defendants"); (3) termination of the Defendants' employment (No. 21-2528, ECF No. 1 at PageID 5; No. 21-2529, ECF No. 1 at PageID 4); and (4) a change in Porterfield's housing assignment. (No. 21-2528, ECF No. 1 at PageID 5 (seeking transfer to a different correctional facility); No. 21-2529, ECF No. 1 at PageID 4 (seeking assignment to the SCCJC's general inmate population). The complaint in No. 21-2529 also seeks injunctive relief. (ECF No. 1 at PageID 4 (asking that "[a]ll tampering be stopped of my food trays, water, mail, phone [and] the very illegal video and audio be remove[d] from the inside of my cell").

The complaints in No. 21-2528 and No. 21-2529 are substantially similar in their factual allegations, legal claims, named Defendants, and requested relief. Actions involving common questions of law or fact can be consolidated for the convenience of the court and the parties. Fed. R. Civ. P. 42(a). Rule 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

*Id.* District courts have broad discretion in determining whether to consolidate cases, and courts consider whether consolidation will promote judicial economy without impeding justice and the interest of the parties. *See Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). Courts balance the risk of prejudice and confusion against the possibility of achieving inconsistent results in the cases under consideration. *See In re Cree, Inc.*, 219 F.R.D. 369, 371 (M.D. N.C. 2003). The court should also consider "the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the

3

length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit." *Id*. (internal citation omitted).

Porterfield's complaints in Nos. 21-2528 and 21-2529 arise from the same, or substantially similar, set of facts and assert the same, or substantially similar, claims. Separate lawsuits would lead to duplicative pleadings and discovery. To avoid unnecessary costs and promote judicial efficiency, the Court CONSOLIDATES Nos. 21-2528 and 21-2529 as follows: (1) this Order is INCORPORATED into the Court's June 30, 2022 Order in No. 21-2528 (the "21-2528 Screening"); (2) the complaint in No. 21-2529 (ECF No. 1) is INCORPORATED into the complaint in No. 21-2528 (ECF No. 1); (3) No. 21-2529 is DISMISSED and will not proceed; and (4) Porterfield and the named Defendants in No. 21-2529 will PROCEED in No. 21-2528.

## II. SCREENING OF THE COMPLAINT[2]

### A. CLAIMS OF HARASSMENT, UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT, AND VIOLATION OF RIGHT TO RECEIVE MAIL AND RIGHT OF PRIVACY

The Court liberally construes the complaint in No. 21-2529, like the complaint in No. 21-2528, to allege claims of harassment, unconstitutional conditions of confinement, violation of Porterfield's First Amendment right to receive mail, and violation of Porterfield's right to privacy. (No. 21-2529, ECF No. 1 at PageID 2-3; No. 21-2528, ECF No. 1 at PageID 2.) The complaint in No. 21-2529 does not allege facts that alter the 21-2528 Screening Order's conclusion that Porterfield does not allege any facts demonstrating a cognizable claim to relief, plausibly or otherwise. Speculative assertions of food tampering, No. 21-2529 ECF No. 1 at PageID 2-3, are not sufficient to support a constitutional claim. *See Association of Cleveland Firefighters v. City*

---

[2] The legal standard for screening complaints under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"), and the requirements to state a claim under § 1983, are set forth in the 21-2528 Screening Order and are not restated here. (No. 21-2528, ECF No. 12.)

*of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).  Porterfield's vague allegation about being improperly recorded in his cell, No. 21-2529 ECF No. 1 at PageID 4, lacks supporting factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Porterfield makes no allegations from which to infer that any Defendants tampered with his mail.  No. 21-2529 ECF No. 1 at PageID 2-4.  *See Mayes v. Rodela*, No. 20-0057, 2021 WL 3439412, at *2 (M.D. Tenn. July 15, 2021).  An allegation of "harassment," No. 21-2529 ECF No. 1 at PageID 2, does not state a cognizable claim to relief because (1) the allegation is nonspecific and (2) it is well settled that verbal abuse or harassment at the hands of prison officials does not constitute a violation of the Eight Amendment.  *See, e.g., Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004).  The complaint in No. 21-2529 alleges no new or different facts that alter the 21-2528 Screening Order's conclusions about Porterfield's claims of harassment, unconstitutional conditions of confinement, violation of Porterfield's First Amendment right to receive mail, and violation of Porterfield's right to privacy.  All those claims are DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.  Porterfield may amend his claims within TWENTY-ONE days of the date of this Order, and in accordance with the conditions set forth in the 21-2528 Screening Order (No. 21-2528, ECF No. 12).  The Court grants Porterfield one opportunity to amend his claims.

## B. CLAIMS OF EXCESSIVE FORCE & FAILURE TO PROTECT IN NO. 21-2529

Porterfield alleges that Officer Summerville "jumped on" Porterfield as he exited the shower, placed Porterfield in a headlock, and held Porterfield's neck "tightly."  (ECF No. 1 at PageID 3 (the "Incident").)  Officer Jones stood in the doorway and laughed during the Incident.  (*Id*.)  The date of the Incident is not clear from the complaint.  The Court construes Porterfield's

allegations as a claim of excessive force against Officer Summerville and a failure-to-protect claim against Officer Jones.

*Claim Of Excessive Force*:  The Fourteenth Amendment's Due Process Clause protects those in state custody[3] from the use of excessive force that amounts to punishment. *Leary v. Livingston Cnty.,* 528 F.3d 438, 443 (6th Cir. 2008) (quoting *Graham v. Connor,* 490 U.S. 386, 395 n. 10 (1989)).  "[W]hen assessing pretrial detainees' excessive force claims [the Court] must inquire into whether the plaintiff shows 'that the force purposely or knowingly used against him was objectively unreasonable.'" *Santos v. Lane*, No. 3:22-cv-0231, 2022 WL 1462964, at *1 (M.D. Tenn. May 9, 2022) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)).  The inquiry about objective unreasonableness "account[s] for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Kingsley*, 576 U.S. at 397 (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)).  The Fourteenth Amendment's objective reasonableness inquiry turns on the facts and circumstances of each particular case. *Kingsley*, 576 U.S. at 397.  Courts assess the reasonableness of a use of force from "the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. (citing *Graham*, 490 U.S. at 396).  Courts consider several factors under the objective reasonableness inquiry, including:

> the relationship between the need for use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer and whether the plaintiff was actively resisting.

---

[3] As of the date of Porterfield's most recent filing in No. 21-2529, the record suggests that he is a pretrial detainee at the SCCJC. (*See* ECF No. 12-1 at PageID 93.)

*Id*. Courts ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Porterfield does not allege sufficient facts demonstrating Officer Summerville's headlock of Porterfield as he exited the shower was objectively unreasonable. Porterfield alleges no facts about the circumstances of the Incident, such as whether Porterfield posed a threat to himself or others, whether the SCCJC was under a safety or security alert, whether Porterfield resisted verbal commands, or whether Porterfield suffered any injuries. There are no factual allegations in the complaint from which to infer plausibly either that Officer Summerville's force was "a good-faith effort to maintain discipline" or that Summerville's force was applied "malicious and sadistically to cause harm." *See Cordell*, 759 F.3d at 580. The complaint in No. 21-2159 fails to allege sufficient facts demonstrating a claim of excessive force against Officer Summerville.

<u>*Claim Of Failure-To-Protect*</u>: Pretrial detainees may sue jail officials for failing to prevent harm under the Fourteenth Amendment's objective standard. *See Westmoreland v. Butler Cnty., Ky.*, 29 F.4th 721, 728 (6th Cir. 2022). To state a failure-to-protect claim, a pretrial detainee must allege that an official acted in a manner that: (1) was intentional; (2) put the plaintiff at substantial risk of serious harm; (3) failed to take reasonable steps to abate that risk; and (4) actually caused the plaintiff's injuries. *Id*. at 729–30. "[The Sixth] Circuit has now explicitly taken the position that a failure-to-protect claim by a pretrial detainee requires only an objective showing that an individual defendant acted (or failed to act) deliberately and recklessly." *Id*. (citing *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 596 (6th Cir. 2021)). In the context of a failure-to-protect claim, a prison officer will not be held liable without a showing that he "should have been aware of the reasonable likelihood of a potential attack and intervened earlier." *Carico v. Benton, Ireland, &*

7

*Stovall*, 68 F. App'x 632, 639 (6th Cir. 2003). Porterfield does not allege facts demonstrating that Officer Jones's failure to intervene in the Incident placed Porterfield at a substantial risk of harm and actually caused Porterfield's injuries. The complaint does not allege that Porterfield was injured during the Incident. The complaint does not allege facts about whether Officer Jones was present for all, or a portion, of the Incident. The complaint does not allege that Officer Jones should have been aware that Officer Summerville would place Porterfield in a headlock. There are no factual allegations in the complaint from which to infer plausibly that Officer Jones deliberately and recklessly failed to stop Officer Summerville's use of force. The complaint in No. 21-2159 fails to allege sufficient facts demonstrating a failure-to-protect claim against Officer Jones.

The claims of excessive force and failure-to-protect against Officers Summerville and Jones in Case No. 21-2529 are DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief. Porterfield may amend those claims within TWENTY-ONE days of the date of this Order, and in accordance with the conditions set forth in the 21-2528 Screening Order (No. 21-2528, ECF No. 12). The Court grants Porterfield one opportunity to amend his claims.

### C. CLAIM OF DEPRIVATION OF RECREATION IN NO. 21-2529

Porterfield alleges that the Defendants are "withholding my rec[reation]" to prevent him from calling his family. (ECF No. 1 at PageID 2 (the "Recreation Deprivation").) Porterfield alleges no dates when the Recreation Deprivation occurred.

For pretrial detainees, the Fourteenth Amendment's due process clause precludes "punish[ment] prior to an adjudication of guilt." *Thompson v. Cnty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994) (quoting *Bell*, 441 U.S. at 535). The Supreme Court explained in *Bell* that, "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate

8

governmental objective, it does not, without more, amount to punishment.  Conversely, if a restriction or condition is not reasonably related to a legitimate goal — if it is arbitrary or purposeless — a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees." *Bell*, 441 U.S. at 539 (internal citations omitted).  A pretrial detainee can demonstrate that he was subjected to unconstitutional punishment by showing: (1) "an expressed intent to punish on the part of the detention facility officials," or (2) that "a restriction or condition is not rationally related to a legitimate government objective or is excessive in relation to that purpose." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 717 (6th Cir. 2020) (citing *Bell*, 441 U.S. at 535 and *Kingsley*, 576 U.S. at 398).  The Sixth Circuit has recognized that prisoners are entitled to outdoor recreation sufficient to maintain reasonably good physical and mental health.  *See Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985).  Courts in the Sixth Circuit have recognized that "there is no applicable precedent requiring any minimum amount of outdoor recreation for prisoners." *Kizer v. Robertson Cnty.*, No. 3:17-cv-00715, 2018 WL 2164557, at *1 (M.D. Tenn. May 10, 2018) (citing *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003)).  The Sixth Circuit has held only that "a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees." *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995) (quoting *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983)).

      Porterfield does not allege any facts about the circumstances of the Recreation Deprivation that demonstrate it: (1) was intended to punish Porterfield; (2) was not rationally related to a legitimate government objective; or (3) was excessive in relation to that purpose.  The complaint does not allege the dates of the Recreation Deprivation, its duration, or the amount of recreation to which Porterfield would have been entitled had the Recreation Deprivation not been imposed.

Porterfield does not allege that the Recreation Deprivation was "a total or near-total deprivation of exercise or recreational opportunity." *See Rodgers*, 43 F.3d at 1086. The complaint in No. 21-2159 fails to allege sufficient facts demonstrating an Eighth Amendment claim for unconstitutional punishment from denial of recreation.

The claim of unconstitutional deprivation of recreation in No. 21-2529 is DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief. Porterfield may amend that claim within TWENTY-ONE days of the date of this Order, and in accordance with the conditions set forth in the 21-2528 Screening (ECF No. 12). The Court grants Porterfield one opportunity to amend his claim.

### III.    THE PENDING MOTIONS

No. 21-2529's First Motion (ECF No. 11) is a photocopy of Porterfield's first motion for protective order in No. 21-2528 (ECF No. 10). No. 21-2529's Second Motion (ECF No. 12) is a photocopy of Porterfield's second motion for protective order in No. 21-2528 (ECF No. 11).

No. 21-2529's First Motion (ECF No. 11) and Second Motion (ECF No. 12) are DENIED for the reasons stated in the 21-2528 Screening (ECF No. 12).

### IV.    CONCLUSION

For the reasons explained above:

A.    This Order is INCORPORATED into the Court's June 30, 2022 Order in No. 21-2528;

B.    The complaint in No. 21-2529 (ECF No. 1) is INCORPORATED into the complaint in No. 21-2528 (ECF No. 1);

      C.      No. 21-2529 is DISMISSED and will not proceed.  Porterfield and the Defendants named in No. 21-2529 SHALL PROCEED in No. 21-2528.  The Clerk shall mark No. 21-2529 CLOSED;

      D.      Porterfield's claims of excessive force, failure to protect, and inadequate recreation in No. 21-2159 are DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Leave to amend those claims is GRANTED.  An amended pleading must be filed within TWENTY-ONE (21) days after the date of entry of this Order and pursuant to the conditions described in the 21-2528 Screening Order (ECF No. 12); and

      E.      The pending motions (ECF Nos. 11 & 12) are DENIED.

IT IS SO ORDERED, this 28th day of July, 2022.

      /s/ Samuel H. Mays, Jr.
      SAMUEL H. MAYS, JR.
      UNITED STATES DISTRICT JUDGE